"North Carolina — sct.
"This charter party of affreightment, indented, made, concluded, and agreed upon this 2d day of January, A.D. 1794, and in the 18th year of American Independence, between Thomas Gibson, merchant of the Island of St. Bartholomew, of the one part, and Isaac Davis, pilot of the town of Wilmington, State aforesaid, on the other part, witnesseth, that the said Isaac Davis, for the consideration hereinafter mentioned, hath granted and to freight letten, and by these presents doth grant and to freight let unto the said Thomas Gibson, his heirs, executors, administrators and assigns, the whole of the schooner Rambler, (322) of Wilmington, whereof he, the said Isaac Davis, is sole owner, to proceed from the port of Wilmington as soon as possible, and to proceed to the Island of St. Eustatia, St. Bartholomew, or St. Thomas, which may be most convenient, the said Isaac Davis to deliver to the said Thomas Gibson, or his assigns, the schooner Rambler, well appareled and fit for sea, and the said Thomas Gibson to man and victual her for the said voyage, and back again to the port of Wilmington, and to pay to the said Isaac Davis the sum of one hundred Spanish milled dollars for the run to either of the said islands and back again, to him the said Isaac Davis, his heirs and assigns. And it is further covenanted and agreed upon that the said schooner Rambler shall not be detained in any of the aforesaid islands, that is to say, in her port of delivery, making a provision for Charterer's privilege of trying markets for the space of twenty-four hours in any of the aforesaid islands, more than the space of eighteen days. In case of detention said Gibson agrees to pay the sum of six dollars per diem
for every such day's detention. And the said Thomas Gibson doth also further agree to pay to Capt. Robert French all balance of charter money as specified, and all such demurrage as arises aforesaid on delivery of cargo in any of the above mentioned islands. And he, the said Gibson, covenants, and by these presents agrees to indemnify said Isaac Davis from any penalty or loss which may incur by said vessel being employed in any contraband or illicit trade during the term of charter. And the said Thomas Gibson doth covenant and further agree to well and sufficiently man and victual the said schooner Rambler for said voyage and back again to the port of Wilmington, and for the true performance of all and every the articles, covenants and agreements before mentioned, they, the said Thomas *Page 272 
Gibson and Isaac Davis, do hereby bind themselves each party to the other in the sum of two hundred dollars, to be paid by either of the parties failing in the performance thereof, or his heirs, to the other party or his assigns. In witness whereof, the said parties have hereunto (323) set their hands and seals, the day and year above written.
 (Signed) ISAAC DAVIS. [Seal.] THOMAS GIBSON. [Seal.]
"N. B. — We, the parties above named, do agree to have the said schooner Rambler insured for six hundred dollars, to pay the insurance one-half each party.
 ISAAC DAVIS. [Seal.] THOMAS GIBSON. [Seal.]"
 The questions are:
Whether it appears by the record produced and hereto annexed that the action was founded on the said sealed instrument; if so, then whether the plaintiff can alter the declaration which he made in the county court:
Or having made no declaration, can vary the real and true ground of his action.
And supposing that he will now be permitted to declare in case, whether he has not a better writ;
And whether the bail being now liable, he should be permitted to vary his original ground of action, so as to charge them.
The true question for us to decide is, whether the plaintiff might have maintained an action of covenant upon the charter party annexed to the record. For if that action would lie and furnish a complete remedy for the sale of the schooner, it follows that the action of assumpsit, without any express promise by the defendant, to pay the money to the plaintiff, after the sale of the vessel, but founded merely on the assumpsit raised by law, cannot be sustained. The defendant expressly covenants to man and victual the vessel for the specific voyage and back again to the port of Wilmington, and to pay a certain sum for the run to either of the islands mentioned, and back again. Demurrage is to be paid if the vessel is detained in her port of delivery beyond a certain time, and the whole tenor of the contract shows that it was the intent of the parties that the vessel should return to Wilmington. (324) If, then, the defendant, instead of facilitating her return, as he was bound to do, hath altogether prevented it by selling the vessel, such an act amounts to a breach of the charter party, which, like any other deed, must be construed according to the design of the makers. *Page 273 
The plaintiff for this had an higher remedy by action of covenant or debt, and upon this appearing, it was proper for the Court to direct a nonsuit. The declaration filed in the county court ought not to be changed on an appeal; and if the grounds of action are declared to the defendant, though without a written declaration, and the parties proceed to trial accordingly, the same grounds are understood to exist, and to form the basis of the action upon the trial of the appeal. It is unjust that the defendant, who has prepared himself for the trial in one from of action, should by the appeal be surprised with another and totally different action, to which his defense may be altogether inadequate. It is equally so that the plaintiff, after hearing his adversary's defense and evidence, should be allowed to after and mould his action so as to avoid its force and direction.
NOTE. — See, on the first point, Wilson v. Murphey, 14 N.C. 352; and on the second, Downey v. Young, 12 N.C. 432.